**CITY OF MINOT, Plaintiff Appellee,**

v.

**Ernest C. LUNDT, Defendant Appellant.**

**Cr. No. 642.**

Supreme Court of North Dakota.

July 13, 1978.

As Amended July 26, 1978.

Ernest C. Lundt, pro se (made no appearance).

Eaton & Van de Streek, Minot, for plaintiff and appellee; argued by Nevin Van de Streek, Minot.

PAULSON, Justice.

The defendant, Ernest C. Lundt [hereinafter Lundt], was arrested on August 28, 1974, on a charge of petit larceny pursuant to an ordinance of the City of Minot. A complaint was issued on September 24, 1975, and was duly docketed in Minot Municipal Court. A trial was held before the municipal judge on the same date and at the conclusion of the hearing Lundt was found guilty and fined $50.00.

Lundt appealed on a timely basis from the judgment of conviction to the Ward County District Court. Lundt was notified of the date of trial which was originally set for April 24, 1975. The trial was then rescheduled to April 29, 1975, because of the judge's illness. Lundt was notified by the sheriff of Mountrail county (the county of Lundt's residence) and also was orally advised of the change in the trial date by the city prosecutor when Lundt appeared at the prosecutor's office on April 24, 1975. The prosecutor also confirmed the oral notice by letter dated April 25, 1975, directed to Lundt.

On April 29, 1975, at 9:30 a. m., the district judge called the case of *City of Minot v. Lundt* for trial. Present at that time were the deputy clerk of the district court of Ward County, the Minot city prosecutor, two complaining witnesses and their personal attorney. After waiting for 25 minutes for the appearance of Lundt (who failed to appear), the judge directed the deputy clerk of the court to enter a minute order of dismissal. In addition, the judge prepared a written order of dismissal which was dated and filed in Ward County District Court on April 29, 1975. The order of dismissal has at no time been served upon Lundt.

Since the order dismissing Lundt's appeal from the municipal court to the district court (because of Lundt's failure to appear at the trial in district court), there has been copious correspondence initiated by Lundt and directed to the Minot Municipal Court, the Ward County District Court, the presiding judge who entered the order of dismissal, and the Supreme Court. In order to finally dispose of this case, this court under date of February 17, 1978, indicated by letter to Lundt that it is the responsibility of the appellant taking an appeal to transmit the record to this court under compliance with the North Dakota Rules of Appellate Procedure which must be followed in perfecting an appeal. Lundt then in a letter dated February 22, 1978, which was directed to the clerk of Ward County District Court, stated as follows, in pertinent part:

"I am appealing my Minot Petit Larceny case to the State Supreme Court . . . . Kindly send the record to that court. The request is enclosed."

The City of Minot [hereinafter the City] filed a motion for dismissal of Lundt's attempted appeal to the Supreme Court. The motion is based upon two grounds:

(1) That the Supreme Court does not have jurisdiction to entertain Lundt's appeal because of Lundt's failure to file a timely notice of appeal pursuant to Rule 4 of the North Dakota Rules of Appellate Procedure.

(2) That the Supreme Court does not have jurisdiction to review the propriety of the district court judge's order under its power of superintending control of inferior courts in the absence of some overt action by Lundt to make Judge Burdick a party to these proceedings in the Supreme Court.

The dispositive issue in this case is whether or not a timely notice of appeal was filed with the Supreme Court.

Rule 3(a) and 3(c), N.D.R.App.P., provides:

"APPEAL AS OF RIGHT—
HOW TAKEN"

*Rule 3(a) "Filing the Notice of Appeal.* An appeal permitted by law as of right from a trial court to the supreme court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

*Rule 3(c) "Content of the Notice of Appeal.* The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from; and shall name the court to which the appeal is taken."

Rule 4(b), N.D.R.App.P., provides, in pertinent part:

"APPEAL—WHEN TAKEN

*Rule 4(b) "Appeals in Criminal Cases.* In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court *within 10 days after the entry of the judgment or order appealed from.* . . . Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision." [Emphasis added.]

The City asserts that a timely notice of appeal was not filed pursuant to Rule 4(b), N.D.R.App.P., because Lundt failed to file a written notice of appeal within 10 days from the date of the entry of the order of dismissal or within the additional 30 days which may be granted by the trial court.

The City concedes that the order of dismissal was never formally served upon Lundt (the order of dismissal dated April 29, 1975). However it asserts that Lundt became aware of the order of dismissal not later than September 30, 1975, and Lundt in his letter directed to the Supreme Court of North Dakota dated September 30, 1975, stated, in pertinent part:

"According to the Ward County District Court record, my case was dismissed in District Court and remanded to Minot Municipal Court for further action. Such action was refused."

However, Lundt did not file a notice of appeal with the clerk of the Ward County District Court until his letter dated February 22, 1978, which was filed in the clerk's office on March 1, 1978. A perusal of the remaining correspondence by Lundt with the Supreme Court cannot be equated to or considered as constituting a notice of appeal. Lundt's correspondence other than his letter of February 22, 1978, fails to meet the requirements of Rule 3(c), N.D.R.App.P., because such correspondence does not specify the party taking the appeal, does not designate the order appealed from, and does not name the court to which the appeal is taken.

Lundt also, in his correspondence, stated that he wanted a "judge review" of the case only and that he did not want a new trial. Lundt was apparently unaware of Rule 37(g) of the North Dakota Rules of Criminal Procedure, which provides, in pertinent part:

"RULE 37—APPEAL AS OF RIGHT TO DISTRICT COURT, OR COUNTY COURT WITH INCREASED JURISDICTION—HOW TAKEN

"(g). Effect and scope of appeal. An appeal to the district court or to the county court with increased jurisdiction, when perfected, transfers the action to such court for trial anew. . . ."

However, this court is without authority to remand the case for a new trial pursuant to Rule 37(g), N.D.R.Crim.P., because of Lundt's failure to file a notice of appeal on a timely basis in compliance with Rule 4(b), N.D.R.App.P.

The court is also fully cognizant of the statements of Lundt in nearly all of his correspondence with the various officials that he has an L.L.B. degree. In addition, in some of the correspondence he has stated that he has a B.S. degree, as well as a master's degree in Business Administration. Furthermore, he states in his letter of December 8, 1975, in a postscript thereto, as follows:

"P.S. I am at least the equal of any attorney that could be employed. Therefore, I have decided to continue representing myself in this case."

This court has held that an appeal is governed by the appellate rules and that a failure to file a notice of appeal within the prescribed time as set forth in Rule 4(b), N.D.R.App.P., is fatal. In *State v. Metzner*, 244 N.W.2d 215, 220 (N.D.1976), this court stated:

"The United States Supreme Court has held that the time requirement within which a defendant in a criminal action must file notice of appeal is mandatory and jurisdictional. *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964) (*per curiam*); 9 Moore's Federal Practice ¶ 204.16, pp. 987–989. The requirement pursuant to Rule 4(b), N.D.R.App.P., and Rule 37(b), N.D.R.Crim.P., is likewise mandatory and jurisdictional. Unless extended by the district court, upon a showing of excusable neglect, compliance with the ten-day limit set forth by Rule 4(b), N.D.R. App.P., and by Rule 37(b), N.D.R.Crim.P., is required. While this Court may waive compliance with procedural rules ad-

dressed to the timely prosecution of an appeal, *Nodak Mutual Ins. Co. v. Loeffler*, 225 N.W.2d 286 (N.D.1974), we cannot waive compliance with the jurisdictional requirement that the notice of appeal be timely filed. Rule 26(b), N.D.R. App.P."

■ There is nothing in the record showing that Lundt communicated to the district court within the time requirements set forth in Rule 4(b), N.D.R.App.P., his intention to appeal from the petit larceny conviction. As previously stated, his attempted notice of appeal was dated February 22, 1978, and was filed on March 1, 1978. The filing occurred much later than the 40-day period allowed wherein the district court has granted an extension of time on a showing of excusable neglect. Lundt did not request nor present such an extension to the district court. A review of the record does not indicate that the district court extended the time for filing the notice of appeal. We conclude that Lundt's appeal was not taken within the 10-day period as set forth in Rule 4(b), N.D.R.App.P., nor was any effort made by Lundt to secure an additional 30 days in which to appeal under Rule 4(b), N.D.R.App.P. Therefore the appeal must be dismissed.

Having determined that Lundt's appeal should be dismissed, we believe that it is unnecessary to consider the second ground of the City's motion to dismiss the appeal.

The motion to dismiss the appeal is granted, without costs.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.