STATE of North Dakota, Plaintiff
and Appellee,

v.

Timothy Roger LEWIS, Defendant and
Appellant.

Cr. No. 702.

Supreme Court of North Dakota.

April 30, 1980.

Tom Tuntland, State's Atty., Mandan, for plaintiff and appellee.

Timothy Roger Lewis, pro se.

SAND, Justice.

This matter ostensibly came before us in an effort to comply with *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *rehearing denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).

Timothy Roger Lewis, the defendant, appealed from a conviction of robbery entered by the Morton County district court on 8 Jan 1978. The defendant appeared pro se on appeal because his court-appointed attorney, who believed the defendant's appeal was without merit was granted permission to withdraw. We remand the case to the district court for appointment of another attorney to represent the defendant in his appeal as of right in this case.

On 17 Oct 1978 the defendant was arrested and charged with the robbery of a restaurant in Mandan, North Dakota. The defendant was found indigent and Benjamin C. Pulkrabek was appointed to represent him. A preliminary hearing was held on 30 Oct 1978, and the defendant was bound over for arraignment before the Morton County district court. However,

prior to the defendant's arraignment, Pulkrabek moved for permission to withdraw as defense counsel on the grounds that a potential defense alibi witness would not cooperate with him. The motion to withdraw was granted, but the defendant agreed to Pulkrabek's continued representation through the arraignment. On 14 Nov 1978 Duane E. Houdek was appointed defense counsel.

On 28 Nov 1978 the defendant moved to suppress a pretrial and trial photographic identification of him by four of the State's witnesses on the grounds that the photographic lineup was unnecessarily suggestive and conducive to irreparable mistaken identification and that any in-court identification did not have an independent source. The district court heard this motion on 4 Dec 1978 and subsequently issued a memorandum decision denying the suppression. Trial by jury was held on 20 and 21 Dec 1978, and the jury found the defendant guilty of robbery while possessing or pretending to possess a dangerous weapon. The defendant was informed of his right to appeal and his right to appointed counsel on appeal.

On 15 Jan 1979 Houdek filed a motion to withdraw as defense counsel on grounds that he and the defendant had agreed that Houdek would not represent the defendant on appeal and that Houdek had accepted a position as alternate municipal judge which precluded further criminal representation. The motion was granted, but before the undated order permitting Houdek to withdraw as counsel was signed by the Morton County district court judge, Houdek filed an appeal of the conviction to this court. The State made a motion to dismiss defendant's appeal for substantial noncompliance with the North Dakota Rules of Appellate Procedure, which was denied.

On 30 Oct 1979 Benjamin C. Pulkrabek was again appointed to represent the defendant. However, on 8 Feb 1980 Pulkrabek submitted to the North Dakota supreme court a request for permission to withdraw as counsel because he believed that defendant's appeal was without merit.

This request was accompanied by a brief on behalf of the defendant "referring to anything in the record that might arguably support an appeal." Pulkrabek raised seven legal issues in the brief which he thought might support the defendant's appeal, including whether or not the photographic lineup was conducted in an unnecessarily suggestive manner and whether or not the defendant was denied effective assistance of counsel because of the way his trial defense was presented. However, after each of the seven issues raised in the brief, Pulkrabek discounted the validity of the issues, leaving the net effect of the brief in support of Pulkrabek's opinion that the appeal was frivolous or without merit.

The State's brief did not directly respond to the specific issues of merit raised by Pulkrabek, but instead stressed that it was the appellate court's responsibility in this proceeding to examine the record and determine whether or not defendant's appeal was in fact frivolous. The State maintained that only if this court determined that the appeal was not frivolous would it be necessary to argue the merits of the appeal. The defendant personally submitted a brief and appeared at oral argument pro se after Pulkrabek was granted permission to withdraw as counsel. The defendant's brief and argument were on the merits of the case as if they were presently before the court.

Apparently Pulkrabek and the State followed this procedure in an attempt to comply with *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *rehearing denied* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967). In *Anders*, the United States Supreme Court for the first time addressed the extent of the duty of a court-appointed appellate counsel to prosecute a criminal appeal after that attorney had determined that there was no merit to the indigent's appeal. The court-appointed attorney in *Anders*, after studying the record and consulting with the defendant, concluded that the appeal was without merit and so advised the court by letter. The defendant's request for another attorney

was denied, and he filed his own brief and appeared pro se. In *Anders* the Court reversed and remanded the judgment of conviction and established constitutional procedures as follows:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their

merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." 386 U.S. at 744, 87 S.Ct. at 1400.

While we may be in complete agreement with the principles of law recited in the *Anders* decision, we do not think that the procedures applies to this State because under our constitution and statutes an appeal is as a matter of right which eliminates the need for an *Anders* proceeding. Under the North Dakota procedure, the defendant is afforded all of the constitutional requirements set out in *Anders.*

■ It appeared from the briefs and statements made at oral argument that the parties to this case overlooked the fact that criminal appeals in North Dakota are as a matter of right, and not by permission of the court or by some form of certiorari.[1] Section 90 of the North Dakota Constitution provides as follows:

"Appeals shall be allowed from decisions of lower courts to the supreme court as may be provided by law."

Pursuant to the constitutional provisions, the North Dakota legislature enacted §§ 29–28–03 and 29–28–06, North Dakota Century Code, which provide as follows:

§ 29–28–03. *"Appeals are matter of right.* An appeal to the supreme court provided for in this chapter may be taken as a matter of right."

§ 29–28–06. *"From what defendant may appeal.* An appeal may be taken by the defendant from:

1. The California law provides from what the defendant may appeal but the law does not provide that the appeal is a matter of right, as does the North Dakota law.

The California district court of appeals adopted a procedure and standard which afforded the defendant substantially the same representation by counsel on appeal as is afforded indigent federal prisoners seeking appeal in forma pauperis. The California Supreme Court in 1964, in *In re Nash,* 61 Cal.2d 491, 39 Cal.Rptr. 205, 393 P.2d 405, approved the standards adopted by the appellate court. The standard was summarized by the California Supreme Court as follows:

"We believe that the requirement of the *Douglas* case [*Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811] is met,

however, when, as in this case, counsel is appointed to represent the defendant on appeal, thoroughly studies the record, consults with the defendant and trial counsel, and conscientiously concludes that there are no meritorious grounds of appeal. If thereafter the appellate court is satisfied from its own review of the record in the light of any points raised by the defendant personally that counsel's assessment of the record is correct, it need not appoint another counsel to represent the defendant on appeal and may properly decide the appeal without oral argument."

The instant *Anders* appeal originated from a denial of a writ of habeas corpus 14 July 1965 without an opinion.

1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party."

The language is clear and definite. It needs no interpretation or construction. Thus, the Legislature determined exactly what is and is not appealable in this State. The only determination that need be made is whether or not the subject of appeal comes within the statutory provisions. In the instant case the defendant was convicted of robbery by the Morton County district court jury on 8 Jan 1979 and has since that time been serving a prison sentence imposed as the result of that conviction. Pursuant to § 29–28–06(1) or (2), NDCC, quoted above, the defendant has a right to appeal from the verdict or the judgment of conviction.

■ The constitutional and statutory provisions impose a duty upon this court to hear defendant's appeal which was taken as a matter of right from the judgment of conviction. If we were to fashion a North Dakota procedure in strict compliance with *Anders* and initially determine, after the court-appointed defense attorney found no merit in an appeal, whether or not an appeal was frivolous and only in the event that we found some semblance of appellate merit appoint another attorney to prosecute the appeal for the indigent, we would be acting contrary to § 90 of the North Dakota Constitution and §§ 28–28–06 and 29–28–03, NDCC.

Under the North Dakota procedure the defendant has a right to appeal as a matter of law and counsel is appointed upon request for the appeal. Each defendant is put in a position equal to that of a defendant under the *Anders* procedure after the court has found the appeal not to be frivolous. We cannot conceive how the defendant under North Dakota procedure is denied any right that may have been established under *Anders*.

We conclude that the proper procedure to be followed by the courts of this State in cases such as the one before us in which the court-appointed defense counsel believes that the indigent defendant's appeal is without merit is to appoint another attorney to represent the defendant on appeal as soon after the initially appointed attorney makes his opinion as to frivolity known to the court as is practical. The appointment of another attorney will provide the indigent defendant with legal counsel at all stages of his appeal and will eliminate the double burden of first convincing this court that the appeal has some degree of merit warranting an attorney's counsel and later coming back to this court to convince us that the degree of merit which warranted an attorney's counsel also supports a reversal of his conviction. Conceivably, the situation may arise where the trial court will have to designate an attorney to represent the defendant to the best of his ability notwithstanding the fact that the attorney does not believe the appeal has merit.

The North Dakota procedure excels the procedure in *Anders* and satisfies all the principles of law expounded by the United States Supreme Court in *Anders*. We believe our procedure offers the indigent defendant greater constitutional protection. We also are aware of the substantial saving of appellate court time due to the elimination of the initial supreme court determination of whether or not the appeal is frivolous. The elimination of the double procedure will also conserve county funds.

This opinion also constitutes notice to all that henceforth this court will reject and not hear any proceedings designed only to determine whether or not an appeal is frivolous.

■ This opinion, however, should not be construed as an invitation to frivolous criminal appeals. Rule 38 of the North Dakota Rules of Appellate Procedure provides that "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award

739

just damages and single or double costs including reasonably attorney's fees." This sanction remains available should we determine that an appeal was frivolous after a full review on the merits which was presented with adequate assistance of legal counsel at all stages.

As to the merits of this case, we call to the attention of the state's attorney and defense counsel the United States Supreme Court opinion in *United States v. Crews*, —— U.S. ——, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

We remand this case to the Morton County district court for appointment of another attorney to represent Lewis on the appeal of his robbery conviction. Appointed counsel may then file the appeal, prepare and submit a brief, and conduct oral argument.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.