**STATE of North Dakota, Plaintiff and Appellee**

v.

**Timothy R. LEWIS, Defendant and Appellant.**

Cr. No. 720.

Supreme Court of North Dakota.

Nov. 21, 1980.

John M. Olson, State's Atty., and Patricia L. Burke, Asst. State's Atty. (argued), Bismarck, for plaintiff and appellee State of North Dakota.

James J. Coles, of Bickle, Coles & Snyder, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

The State of North Dakota has filed a motion to dismiss the appeal of Timothy R. Lewis from a criminal judgment of conviction entered by the Burleigh County district court. We deny the motion to dismiss the appeal.

Timothy R. Lewis was convicted in Burleigh County district court on January 11, 1980, by Judge Larry M. Hatch of the crime of robbery. Lewis was declared a dangerous special offender and sentenced to twenty years in the State Penitentiary under Section 12.1–32–09, N.D.C.C. Lewis was represented by court-appointed counsel throughout the preliminary hearing and court trial. On January 18, 1980, Lewis, acting pro se, mailed a notice of appeal from the judgment and sentence imposed by the trial court. He mailed that notice to the Honorable Larry M. Hatch, Judge, at the district court chambers, Burleigh County Courthouse, Bismarck, North Dakota, and to Mr. John M. Olson, Burleigh County State's Attorney, Courthouse, Box 1901, Bismarck, North Dakota. On February 19,

1980, Judge Hatch wrote the following letter to Lewis:

"On or about the 23rd day of January, 1980 I received your notice of appeal. Recently, I asked the Clerk of District Court in Burleigh County if she had received a notice of appeal from you. She stated that she had not.

"Notices of appeal should be filed in the office of the Clerk of Court wherein the matter was filed, in your case Burleigh County. I merely inform you of this and suggest that you consult with an attorney."

Lewis apparently took no further action until March 19, 1980, when he filed a notice of intent to make application for the issuance of a writ of mandamus against Marian Barbie, Clerk of the District Court, and Judge Hatch directing them "to perform the duties of their office." [1]

Lewis did not file the notice of appeal with the Clerk of District Court of Burleigh County as suggested by Judge Hatch. Lewis contends he thought that Judge Hatch would file the notice of appeal. Upon learning subsequently that Lewis had not filed the notice of appeal with the Clerk, Judge Hatch filed the notice. The record reveals that the notice was filed with the Clerk of the District Court, Burleigh County, on April 10, 1980.

On September 26, 1980, the State filed a motion to dismiss the appeal "by and for the reasons that this Court does not have jurisdiction over the appeal, that Defendant-Appellant has failed to follow the Rules of Appellate Procedure, and that such appeal is frivolous."

As a basis for its motion to dismiss, the State argues:

1. This court lacks jurisdiction over the appeal because the notice of appeal was not properly filed as required by Rule 4(b) of the North Dakota Rules of Appellate Procedure.

2. A dismissal is warranted under Rule 31(c), North Dakota Rules of Appellate Procedure, because the transcript was not ordered and Lewis's brief was not filed within the time prescribed by the rules.

3. Lewis's appeal is frivolous in that there are no questions of fact or law which would necessitate an appeal.

Turning to the first issue raised by the State, the lack of jurisdiction over the appeal, we note that Rule 4(b), N.D.R.App.P., provides, in part:

"In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from."

The State refers us to the decision of this court in *City of Minot v. Lundt*, 268 N.W.2d 482, 484 (N.D.1978), wherein the court stated:

"This court has held that an appeal is governed by the appellate rules and that a failure to file a notice of appeal within the prescribed time as set forth in Rule 4(b), N.D.R.App.P., is fatal."

The *Lundt* decision quoted from the decision in *State v. Metzner*, 244 N.W.2d 215, 220 (N.D.1976), holding that Rule 4(b), N.D. R.App.P., and Rule 37(b), N.D.R.Crim.P., are mandatory and jurisdictional and compliance with the jurisdictional requirement that the notice of appeal be timely filed cannot be waived by this court.

There is no dispute that Lewis, acting pro se, sent the notice of appeal to Judge Hatch within the 10-day limit prescribed by the

1. On May 16, 1980, Lewis, still acting pro se, filed an application for a writ of mandamus with this court to secure copies of the trial transcript which were alleged to be in the possession of Marian Barbie, Clerk of the District Court. The application was denied but was referred to Judge Hatch for appointment of counsel. Judge Hatch, on May 29, 1980, requested that court-appointed counsel continue to represent Lewis on appeal. Counsel has undertaken the representation of Lewis on appeal, filed the brief in opposition to the State's motion to dismiss the appeal, and argued the motion orally, although a letter from Lewis to Judge Hatch dated June 4, 1980, and supplied to us by the State, indicates Lewis did not wish his trial counsel to represent him on appeal. If Lewis did not wish present counsel to represent him on appeal he has not so informed us.

rules. Rather, the State's position is that Lewis's attempt to file his notice of appeal with the District Judge rather than the Clerk of District Court was ineffectual and that the notice of appeal was effectually filed only on April 10, 1980, the day Judge Hatch filed it. Because that is more than 10 days from the date of the criminal conviction, the State argues the notice of appeal was not timely filed.[2]

An examination of the *Lundt* decision reveals little similarity with the facts of this case. In *Lundt* an appeal was taken from the Minot municipal court to the district court. A written order of dismissal of the appeal was filed by the district judge on April 29, 1976, after Lundt failed to appear. Lundt did not file a notice of appeal of the order of dismissal with the clerk of the district court until February 22, 1978, two years and 11 months after the order of dismissal was entered. Although there had been considerable correspondence between Lundt and this court, the court noted that it could not be equated to or considered as constituting a notice of appeal because it did not specify the party taking the appeal, did not designate the order appealed from, and did not name the court to which the appeal was taken. In this instance the notice of appeal filed with Judge Hatch was timely, and it met all other requirements for a notice of appeal. A copy was simultaneously served on the State's Attorney, so the State cannot complain it lacked knowledge of Lewis's intent to appeal. At oral argument counsel for the State conceded that at the time it received the notice of appeal it had no reason to suspect the notice of appeal had been filed with the District Judge rather than the Clerk of the District Court.

In *Metzner* the notice of appeal was not filed within the 10-day period required by Rule 4(b) nor within the 40-day period permitted by the extension provision of that rule. This court noted that there was "nothing in the record showing that Metzner communicated to the district court, within the time requirements set forth in Rule 4(b), N.D.R.App.P., and in Rule 37(b), N.D.R.Crim.P., his intent to appeal from the burglary conviction." *State v. Metzner, supra*, 244 N.W.2d at 220. Here, Lewis did communicate to the District Court his intent to appeal although that communication was sent to the District Judge rather than the Clerk of Court.

■ Lewis argues that he has "substantially complied" with the rules of appellate procedure and that we have jurisdiction to hear this case on its merits. We do not adopt a standard of "substantial compliance" with the provisions of Rule 4(b), N.D.R.App.P., or Rule 37(b), N.D.R.Crim.P., insofar as the filing of the notice of appeal is concerned. However, under the peculiar facts of this case we conclude Lewis's notice of appeal filed with the District Judge and served upon the State's Attorney within 10 days after the judgment of conviction is sufficient to give this court jurisdiction over the appeal.

■ The State also urges us to dismiss the appeal because Lewis did not order the transcript of proceedings within the time specified by Rule 10(b), N.D.R.App.P., nor file his brief within the time specified by Rule 31, N.D.R.App.P. The transcript was not ordered until August 7, 1980.[3]

Rule 3(a), N.D.R.App.P., provides that failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal but does permit this court to dismiss the appeal. We decline to dismiss the ap-

---

**2.** Although Rule 4(b), N.D.R.App.P., provides that upon a showing of excusable neglect the trial court may, before or after the time has expired, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed, the State points out that the filing of the notice of appeal on April 10, 1980, would still be beyond the period permitted by that provision

of Rule 4(b). See Rule 26(b), N.D.R.App.P.; *Dehn v. Otter Tail Power Co.*, 248 N.W.2d 851 (N.D.1976).

**3.** Although the transcript had been completed at the time we heard the State's motion to dismiss the appeal, the brief had not yet been filed.

peal on the grounds asserted by the State even though Lewis's inaction in promptly ordering the transcript may appear to invite us to do so. A brief recitation of some additional facts may explain our unwillingness to dismiss the appeal on these grounds.

Lewis was represented at trial by court-appointed counsel. Following the judgment of conviction Lewis's counsel informed him there did not appear to be sufficient grounds upon which to base an appeal, although counsel did inform Lewis, by letter, of the time within which an appeal must be filed and also informed Lewis that he should request assistance on such an appeal should he desire to proceed. The letter also indicated that Lewis might wish to request appointment of different counsel. Lewis did not further correspond with his counsel nor was his counsel aware that Lewis was involved in an appeal to this court in another matter in which the obligation of court-appointed counsel who finds no merit in an appeal of a criminal conviction was at issue. See *State v. Lewis*, 291 N.W.2d 735 (N.D.1980). Lewis argues he was unaware of his rights in those instances in which his court-appointed counsel has informed him he finds no basis for an appeal and that he assumed he must act as his own attorney if he was to proceed with an appeal. In *State v. Lewis, supra*, Lewis did appear pro se after his court-appointed counsel had filed a brief in an attempt to comply with the requirements of *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Lewis* we noted that in North Dakota a defendant has a right to appeal from a verdict or judgment of conviction as a matter of law and that, rather than the *Anders* procedure, " . . . the proper procedure to be followed by the courts of this State in cases such as the one before us in which the court-appointed defense counsel believes that the indigent defendant's appeal is without merit is to appoint another attorney to represent the defendant on appeal as soon after the initially appointed attorney makes his opinion as to frivolity known to the court as is practical." *State v. Lewis, supra*, 291 N.W.2d at 738.

Our decision in *Lewis* was not issued until April 30, 1980, some time after the filing of the notice of appeal by Judge Hatch. Lewis was acting as his own counsel during this period of time because he believed his court-appointed defense counsel would not represent him on appeal and his right to other counsel appointed by the trial court had not yet been delineated by this court. It is apparent from a reading of the application for a writ of mandamus filed with this court that Lewis believed the Clerk of the District Court had custody of the transcripts and refused to provide them to him. It is also apparent, therefore, that Lewis was unaware of his obligation to order a transcript. His application for a writ of mandamus specifies that a copy of the transcript was necessary for him to prepare and submit his brief on appeal.

We do not believe that any rule or statute should be modified, altered, or applied differently merely because a party not learned in the law was or is proceeding pro se in an appeal. *Latendresse v. Latendresse*, 294 N.W.2d 742 (N.D.1980). However, the circumstances recited above cause us to conclude we should not, in this instance, dismiss the appeal for failure to timely order the transcript and file the brief.

█ Finally, the State argues that we should dismiss Lewis's appeal because it is frivolous, in that there are no questions of fact or law which would necessitate an appeal. Lewis insists that an examination of the complete record will disclose potential grounds for a new trial or reversal, but we do not intend at this time to examine the complete record to determine whether or not the appeal is frivolous. In view of Lewis's position that there are potential grounds for a new trial or reversal of his conviction, it would be preferable that he specifically point to some of these potential grounds, particularly in view of his noncompliance with some of the appellate rules. Nevertheless, we are aware that Lewis's sentence is severe, i. e., 20 years in the State Penitentiary. In view of the serious-

ness of the crime charged and the sentence imposed we conclude a review of Lewis's issues on the merits is warranted. *State v. Packineau*, 270 N.W.2d 336 (N.D.1978).

For the reasons stated in this opinion the motion to dismiss the appeal is denied.

ERICKSTAD, C. J., and PAULSON and SAND, JJ., concur.

PEDERSON, Justice, concurring specially.

Paraphrasing what Justice Vogel wrote in *State v. Haakenson*, 213 N.W.2d 394, 399 (N.D.1973), the only traps for the unwary on the road to the appellate courthouse that should not be eliminated are: (1) the matter is first raised in the trial court, and (2) there be a valid appeal from the judgment. In agreeing with Justice Vande Walle, I would not want anyone to think that I agree to removing trap number (2).

An appeal from a judgment must be filed in order to be a valid appeal, but if the failure to file is the result of action contributed to by court officials, I think that fair play requires that an exception be made.