# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2020 ND 269

Cody Michael Atkins,                                       Petitioner and Appellant

> v.

State of North Dakota,                                     Respondent and Appellee

### No. 20200077

Appeal from the District Court of Traill County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

ORDER DENYING REQUEST TO FILE AN 'ANDERS' BRIEF, GRANTING MOTION TO WITHDRAW, AND SETTING SCHEDULE FOR FUTURE FILINGS.

Opinion of the Court by Jensen, Chief Justice.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Charles A. Stock, State's Attorney, Crookston, MN, for respondent and appellee.

**Jensen, Chief Justice.**

[¶1]   Cody Atkins appeals from a district court order denying his motion to vacate a criminal judgment and withdraw his plea of guilty. On appeal, Atkins' counsel seeks permission to file an "Anders" brief or, in the alternative, permission to withdraw as Atkins' counsel. We deny the request to file an *Anders* brief, grant the motion to withdraw as Atkins' counsel, and order a schedule for additional filings.

I

[¶2]   In June 2015, Atkins pled guilty to violating an order prohibiting contact, a class A misdemeanor. Atkins did not appeal the criminal judgment entered following his guilty plea.

[¶3]   In September 2018, Atkins filed his first application for post-conviction relief. Atkins argued: he was not provided discovery; he did not know the victim's family; the court failed to comply with Rule 11, N.D.R.Crim.P.; and no law was violated. Following an evidentiary hearing, the court denied Atkins' application finding: the guilty plea was entered in accordance with N.D.R.Crim.P. 11; Atkins failed to show the State committed discovery violations; Atkins failed to show how alleged newly discovered evidence would change the result of the case; the order prohibiting contact was never amended and was in effect when Atkins admitted to violating it; and the application for post-conviction relief was untimely under N.D.C.C. § 29-32.1-02 and an exception did not apply. Atkins appealed the district court's findings. This Court ordered that the appeal be dismissed at Atkins' request.

[¶4]   In September 2019, Atkins filed a motion in his criminal proceedings seeking to vacate the judgment and withdraw his guilty plea. Atkins argued he was not provided discovery; no law was violated; he was charged with the wrong crime; the victim made false statements to have Atkins charged; and he was not properly informed of the charges before entering a guilty plea. The

State requested the motion be summarily dismissed as being meritless and lacking factual support.

[¶5]   A hearing on Atkins' motion was held in district court. The court treated Atkins' motion as a second application for post-conviction relief since he had already filed a prior application for post-conviction relief. At the beginning of the hearing, the court granted a motion to withdraw filed by Atkins' attorney, and Atkins proceeded without counsel. During the hearing, Atkins conceded his first and second allegations were barred by res judicata. The court denied Atkins requested relief after finding Atkins' claims were previously determined in his first application for post-conviction relief, the statute of limitations had elapsed, and Atkins failed to establish a mental defect which precluded him from timely asserting relief. Atkins appealed and his current attorney was assigned as his appellate counsel.

[¶6]   Atkins' current counsel has requested permission to withdraw as counsel asserting he believes Atkins' appeal is without merit. The request to withdraw and assertion the appeal is without merit has been presented to this Court as an effort to comply with *Anders v. State of California*, 386 U.S. 738 (1967), *rehearing denied*, 388 U.S. 924 (1967). The State agrees this case warrants the filing of an *Anders* brief, and asserts Atkins' appeal is frivolous and should be summarily affirmed. In the alternative, Atkins' counsel requests to be allowed to withdraw from this case and have this Court decide whether Atkins is entitled to have another attorney appointed to his appeal. Atkins opposes the *Anders* brief and requests new counsel. On the merits of his appeal, Atkins argues the statute of limitations should not apply because he had a mental condition that precluded timely filing.

II

[¶7] In *Anders*,   386   U.S.   738,   739   (1967),   the   United   States Supreme Court reviewed  the  duties  of  court-appointed  appellate counsel to prosecute a criminal appeal after that attorney had determined that there was no   merit   to   the   indigent's   appeal.   The   court-appointed   attorney in *Anders* concluded that the appeal was without merit and advised the court by letter. *Id.* After the defendant's request for another attorney was denied, he

filed his own brief and appeared pro se. *Id.* at 740. In *Anders*, the Court reversed and remanded the judgment of conviction and established constitutional procedures as follows:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744 (footnote omitted).

[¶8] This Court has previously addressed whether parties may file an *Anders* brief in a criminal appeal. *State v. Lewis*, 291 N.W.2d 735 (N.D. 1980). In *Lewis*, this Court held the procedures set forth in *Anders* did not apply to North Dakota law because, under the state constitution and statutes, an appeal is a matter of right which eliminates the need for an *Anders* proceeding. *Id.* at 737. This Court concluded:

> [T]he proper procedure to be followed by the courts of this State in cases such as the one before us in which the court-appointed defense counsel believes that the indigent defendant's appeal is without merit is to appoint another attorney to represent the

3

defendant on appeal as soon after the initially appointed attorney makes his opinion as to frivolity known to the court as is practical. The appointment of another attorney will provide the indigent defendant with legal counsel at all stages of his appeal and will eliminate the double burden of first convincing this court that the appeal has some degree of merit warranting an attorney's counsel and later coming back to this court to convince us that the degree of merit which warranted an attorney's counsel also supports a reversal of his conviction. Conceivably, the situation may arise where the trial court will have to designate an attorney to represent the defendant to the best of his ability notwithstanding the fact that the attorney does not believe the appeal has merit.

*Id.* at 738.

[¶9] This Court noted that North Dakota procedure offers greater constitutional protections than the procedures set out in *Anders*, and by eliminating double procedures, less cost will likely be incurred by the State. *Lewis*, 91 N.W.2d 735, 738 (N.D. 1980); s*ee* N.D.C.C. §§ 29-28-03 and 29-28-06. This Court's holding in *Lewis* "constitute[d] notice to all that henceforth this [C]ourt will reject and not hear any proceedings designed only to determine whether or not an appeal is frivolous." *Lewis*, at 738.

[¶10] Our decision in *Lewis* was issued in the context of a criminal proceeding. Although Atkins filed his motion in the criminal case, the district court properly treated the case as an application for post-conviction relief. *See State v. Atkins*, 2019 ND 145, ¶¶ 10-11, 928 N.W.2d 441 (holding the Uniform Postconviction Procedure Act is to be used exclusively to challenge a judgment of conviction subsequent to the filing of prior applications for post-conviction relief). Post-conviction relief proceedings are civil in nature. *State v. Shipton*, 2019 ND 188, ¶ 4, 931 N.W.2d 220.

[¶11] In *Lewis*, this Court did not permit counsel to file an *Anders* brief because of a defendant's right to representation during criminal proceedings. Unlike criminal proceedings, representation during post-conviction proceedings is not a matter of right, but the court has discretion to appoint counsel in a post-conviction relief proceeding. *State v. McMorrow*, 332 N.W.2d

4

232, 237 (N.D. 1983) (interpreting N.D.C.C. § 29-32-05, part of the 1966 version of the Uniform Postconviction Procedure Act, subsequently repealed and replaced with N.D.C.C. § 29-32.1-05 as part of the enactment of the 1985 version of the Uniform Postconviction Procedure Act). "The appointment of counsel is discretionary, but applications should be read in a light most favorable to the applicant." Id. "If a substantial issue of law or fact may exist, counsel should be appointed." *Id.* Despite the difference between the defendant's right to counsel in criminal proceedings and the discretion of the court to appoint counsel in civil proceedings, we decline to adopt the use of an *Anders* brief in post-conviction relief proceedings.

## III

[¶12] Having declined Atkins' counsel's request to file an *Anders* brief, we must determine whether Atkins' current counsel should be allowed to withdraw from representation of Atkins. In light of the representation of Atkins' current counsel that the appeal lacks merit and Atkins' request for new counsel, we grant the request to withdraw as counsel.

## IV

[¶13] The request to file an *Anders* brief is denied. Atkins' current counsel's request to withdraw is granted. Atkins shall have thirty days from the date of this order to file with the district court a request for the appointment of appellate counsel. The district court shall have jurisdiction to review any timely application for the appointment of counsel for this appeal filed by Atkins. Atkins shall have sixty days from the date of this order to file a supplemental appellate brief. The State shall have thirty days from the filing of Atkins' supplemental brief to file a responsive brief.

[¶14] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

5