**CITY OF BISMARCK, Plaintiff and Appellee,**

v.

**John D. ALTEVOGT, Defendant and Appellant.**

**Cr. Nos. 990, 991.**

Supreme Court of North Dakota.

July 11, 1984.

Hugh Patrick Seaworth, City Atty., Bismarck, for plaintiff and appellee; argued by Paul H. Fraase, Asst. City Atty., Bismarck.

John D. Altevogt, pro se.

ERICKSTAD, Chief Justice.

John D. Altevogt appeals from an order of the County Court of Burleigh County dated January 18, 1984, dismissing his appeal to that court from a judgment of conviction entered by the municipal court for the City of Bismarck. The dispositive issue in this case is whether or not a timely notice of appeal to the county court was filed pursuant to Rule 37(b), N.D.R.Crim.P. We reverse and remand for a new trial in county court before a jury.

Altevogt was charged on September 8, 1983, with violating two Bismarck ordinances concerning the keeping of dogs: Bismarck Code of Ordinances—Section 6–70, being the owner or keeper of a dog permitted to run at large, and Section 6–84, keeping, maintaining or having in custody or under control an unlicensed dog over the age of six months. A trial was held on November 3, 1983, before the Honorable Keith Wolberg, Bismarck municipal judge. The court found Altevogt guilty of the violations charged and imposed a fine of $75, with $50 suspended, for each violation and also assessed a $50 feeding/caring and impoundment fee.

Altevogt filed a notice of appeal dated November 15, 1983, with the clerk of the municipal court, requesting a stay of sentence and jury trial in county court. A certified copy of the criminal docket signed by the clerk of the municipal court indicates that judgment was entered on Thursday, November 3, 1983. The county court, on motion by the city attorney, dismissed the appeal for the reason that the notice of appeal was not timely filed:

"The court finds that the notice of appeal was not filed within the 10-day period as required by law. For this reason, this court lacks jurisdiction to hear this appeal."

Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed. *City of Bismarck v. Walker,* 308 N.W.2d 359, 361 (N.D.1981). The right of appeal is determined by statute. *Id.* Section 40–18–19, N.D.C.C., which authorizes an appeal from a determination of a municipal judge, reads in pertinent part:

"An appeal may be taken to the district court or the county court from a judgment of conviction in a municipal court in accordance with the North Dakota Rules of Criminal Procedure. An appeal shall be perfected by notice of appeal.... An appeal to the district court or county court, when perfected, transfers the action to such court for trial anew."

Rule 37(b), N.D.R.Crim.P., reads:

*"Time for Appeal; When Taken. The notice of appeal by a defendant shall be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from.* A notice of appeal filed after the announcement of the verdict, decision, sentence, or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion. A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within 10 days after entry of the judgment. When an appeal by the prosecution is authorized by statute, the notice of appeal shall be filed with the clerk of the trial court within 30 days after the entry of judgment or order appealed from. *A judgment or order is entered within the meaning of this Subdivision when it is entered in the criminal docket. Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Subdivision."* [Emphasis added.]

The computation of the ten-day period for purposes of Rule 37(b) is governed by Rule 45(a), N.D.R.Crim.P.[1] In applying Rule 45(a), we find that Altevogt had until the end of the day on Monday, November 14, 1983, in which to file a notice of appeal "within 10 days after the entry of the judgment." This he failed to do.

In *State v. Metzner,* 244 N.W.2d 215, 220 (N.D.1976), we discussed the consequences of an untimely filing of a notice of appeal:

"The United States Supreme Court has held that the time requirement within which a defendant in a criminal action must file notice of appeal is mandatory

1. Rule 45(a), N.D.R.Crim.P., reads as follows:
   "In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When a period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

and jurisdictional. *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964) (*per curiam*); 9 Moore's Federal Practice ¶ 204.16, .... The requirement pursuant to Rule 4(b), N.D.R.App.P., and Rule 37(b), N.D.R. Crim.P., is likewise mandatory and jurisdictional. Unless extended by the district court, upon a showing of excusable neglect, compliance with the ten-day limit set forth by Rule 4(b), N.D.R.App.P., and by Rule 37(b), N.D.R.Crim.P., is required.... [W]e cannot waive compliance with the jurisdictional requirement that the notice of appeal be timely filed. Rule 26(b), N.D.R.App.P."

■ Rule 37(b), N.D.R.Crim.P., is intended to be applied in the same manner as Rule 4(b), N.D.R.App.P.,[2] depending on the court in which the case was originally heard. *State v. Metzner, supra*, 244 N.W.2d at 219 n. 1. In *State v. Lawson*, 321 N.W.2d 514, 515 (N.D.1982), we said, concerning the time limitations outlined in Rule 4(b), that "[a]n appeal not filed within the specified time must be dismissed unless it can be shown that the failure to file was excusable neglect, or that the time was extended by the trial court. *City of Minot v. Lundt*, 268 N.W.2d 482 (N.D.1978)."

The probability of inadvertent failure by a defendant to timely file the notice of appeal in a criminal case is reduced by the fact that Rule 32(a)(2), N.D.R.Crim.P., requires that the court advise the defendant, after imposing sentence in a case gone to trial on a plea of not guilty, of his right to appeal. In addition, the trial court may extend the time for filing the notice of appeal for a period not to exceed thirty days—for a total of forty days—upon a showing of excusable neglect. Rule 37(b), N.D.R.Crim.P.

■ Altevogt concedes that he was advised by Judge Wolberg of his right to appeal within 10 days; nevertheless, he argues that he was not informed whether or not weekends and holidays[3] were included in the computation of the time period. Rule 45(a), N.D.R.Crim.P., [see footnote 1, *supra*], clearly sets forth the method by which any period of time consisting of seven or more days is computed. Altevogt represented himself at trial, throughout the appeal process, and in this court; however, a defendant may not invoke his pro se status as a defense from the result of his own neglect in failing to file a timely appeal. "[R]ules or statutes on procedure will not be modified or applied differently merely because a party not learned in the law is acting pro se." *Hennebry v. Hoy*, 343 N.W.2d 87, 90 (N.D.1983). *See also Jensen v. Zuern*, 336 N.W.2d 330, 331–32 (N.D.1983).

Altevogt's confusion apparently arose from his assumption that the ten-day period in which he had to file the notice of appeal consisted only of "working" days. Altevogt argues that this erroneous assumption on his part concerning the computation of the time period constitutes excusable neglect warranting an extension of the time for filing the notice of appeal.

■ We have said in a civil case that a "'plausible misconstruction of the rules'" may be grounds for a showing of excusable neglect pursuant to Rule 4(a), N.D.R. App.P. *State Bank of Burleigh County v. Johnson*, 303 N.W.2d 520, 523 (N.D.1981) [quoting 9 Moore's Federal Practice ¶ 204.-13 at 4–96 to 97 (2d ed. 1980)]. The limited record in this case does not indicate, however, that Altevogt raised before the trial

---

**2.** Rule 4(b), N.D.R.App.P., reads in pertinent part as follows:

"In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from.... Upon a showing of excusable neglect the trial court may, before or after the time has ex-

pired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

**3.** Friday, November 11, 1983, was a legal holiday, Veterans' Day. § 1–03–01, N.D.C.C.

court, the municipal court, the question of excusable neglect in terms of his alleged confusion and apparent misconstruction of the rule governing the computation of the ten-day period. An opinion and order of the municipal court dated February 8, 1984, indicates the court received a "notice of appeal" from Altevogt dated January 25, 1984, requesting the court to "force" the county court to reconsider its decision to dismiss the appeal of November 15, 1983. Altevogt filed a brief with the municipal court which, according to Judge Wolberg, interposed "an application for an appointed attorney as some basis for his [Altevogt's] apparent delay in filing a notice of appeal." The court noted that Altevogt's application for appointed counsel was earlier denied because the court typically does not impose jail time for convictions arising from the violation of animal regulations. The court concluded in its opinion that it was presented no justification nor had it jurisdiction to rule on Altevogt's "notice of appeal."

Altevogt argued before this Court that the dismissal of his appeal to the county court effectively denied him the right to a trial by jury. We find that the consideration of this additional factor—the right to trial by jury—constitutes, under the circumstances of this case, a showing of excusable neglect warranting an extension of time for filing the notice of appeal, by one day, to November 15, 1983. This is a factor that should also have been presented to the municipal court and possibly the county court prior to appeal to our court but for reasons stated herein we will not require that in this case.

The City of Bismarck contends that Altevogt is not entitled to a trial by jury under the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 13 of the Constitution of the State of North Dakota, or pursuant to statute.

■ Although our two-tier system does not afford a defendant the right to a jury trial in municipal court [§ 40–18–15, N.D.C.C.; *City of Riverside v. Smuda*, 339 N.W.2d 768, 770 (N.D.1983)], a defendant is entitled to a trial by jury upon appeal from the determination of a municipal judge. Section 40–18–15 reads as follows:

"An action for the violation of a city ordinance shall be tried and determined by the municipal judge, without the intervention of a jury. *Nothing in this section shall deprive a defendant of the right to a trial by jury.* In the event of an adverse verdict in a municipal court trial, a defendant may exercise his right of appeal as provided for in section 40–18–19 and a defendant shall have the right to a trial by jury upon appeal from the determination of a municipal judge." [Emphasis added.]

The legislative history to Section 40–18–15 espouses the view that justice, from the standpoint of all parties concerned, is better preserved by a two-tier system, such as that provided in Sections 40–18–15 and 40–18–19, because (1) a municipal court is not a court of record, and (2) a defendant is not entitled to two jury trials. The dismissal by the county court of Altevogt's appeal under this system effectively deprived him of his statutory right to a jury trial as guaranteed by Section 40–18–15; a right he specifically requested in his notice of appeal.

■ Altevogt may also have been denied the right to trial by jury as guaranteed under our state constitution. Article I, Section 13, of the Constitution of the State of North Dakota provides in part: "The right of trial by jury shall be secured to all, and remain inviolate." This provision preserves the right of trial by jury as it existed at the time of the adoption of our state constitution. *General Electric Credit Corporation v. Richman*, 338 N.W.2d 814, 817 (N.D.1983); *Barry v. Truax*, 13 N.D. 131, 99 N.W. 769, 771–72 (1904).

The Compiled Laws of the Territory of Dakota (1877), the law of the territory just prior to and at the time that North Dakota became a state and adopted its constitution in 1889, defines the right to trial by jury as it existed under such law prior to and at the time of the adoption of Art. 1, § 13 (formerly § 7). The city justice of the

peace had exclusive jurisdiction of violations of city ordinances:

"The city justice of the peace shall have exclusive jurisdiction, and it shall be his duty to hear, try and determine all offenses against the ordinances of the city; and he shall have concurrent jurisdiction with other justices of the peace in the county in all other cases civil and criminal;" C.L. 1887, Pol.C., § 925.

The Political Code, Section 937 read in part:

"Cases before the city justice arising under the city ordinances shall be tried and determined by the justice without the intervention of a jury except in cases where under the provisions of the ordinances of the city imprisonment for a longer period than ten days is made a part of the penalty, or the maximum fine shall be twenty dollars or over, and the defendant shall demand a trial by jury before the commencement of such trial;" C.L.1887, Pol.C., § 937.

Section 40–18–15, N.D.C.C., prior to its amendment in 1973, essentially restated the right to trial by jury, in cases involving the violation of a municipal ordinance, as it existed under territorial law:

"An action for the violation of a city ordinance shall be tried and determined by the municipal judge, without the intervention of a jury except as is provided in this section. If the defendant is charged with the violation of an ordinance of the city under the provisions of which imprisonment for more than ten days or a fine of more than twenty dollars is made a part of the penalty, such defendant, before the commencement of the trial, may demand a trial by jury."

Other territorial statutes further define the right to trial by jury as it existed at the time of the adoption of our constitution. The civil jurisdiction of justices' courts (justices of the peace) extended to "an action for a fine, penalty or forfeiture, not exceeding one hundred dollars, given by statute or the ordinance of an incorporated city or town." C.L. 1887., Ju.C., § 6042(3). Section 6093 of the Justices' Code, in such a civil proceeding, required that issues of fact be tried by a jury unless a trial by jury was waived. See also C.L. 1887, Ju.C., §§ 6043, 6152, and 6157 [Right to demand trial by jury in misdemeanor cases heard in justice court.]; C.L. 1887, Crim.P.C., §§ 7038, 7320 [Issues of fact arising in case involving crime or public offense must be tried by a jury.]

As can be seen from the territorial law set forth here, the right to trial by jury in a case involving the violation of a city ordinance did exist, with certain limitations, at the time of the adoption of our state constitution. We would point out, however, that the Supreme Court had stated, as early as 1888, that "in that class or grade of offences called 'petty offences,' which according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose," a jury trial is not required. *Callan v. Wilson,* 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888). The Organic Law, which provided a temporary government for the territory of Dakota, provided in Section 16: "[T]he constitution and all laws of the United States which are not locally inapplicable shall have the same force and effect within the said territory of Dakota as elsewhere within the United States."

The City of Bismarck contends that Altevogt's convictions constitute "petty offenses" not subject to the Sixth Amendment jury provision, or Art. I, § 13, N.D. Const., citing *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) [plurality opinion], and *State v. Heath,* 177 N.W.2d 751 (N.D.1970) [Defendant charged with petty criminal contempt not entitled to jury trial as a matter of right.].

▇ In *Baldwin v. New York, supra,* a plurality of the Supreme Court reaffirmed the "long established view" that petty offenses may be tried without a jury. The Court concluded "that no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more

than six months is authorized." [4] Notwithstanding what was said in *Baldwin*, we may provide the citizens of our state, as a matter of state constitutional law, greater protection than the safeguards guaranteed in the Federal Constitution. *E.g., Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *State v. Nordquist*, 309 N.W.2d 109, 111 (N.D.1981); *State v. Matthews*, 216 N.W.2d 90, 99 (N.D.1974). Because we base our opinion on the right to trial by jury guaranteed by statute, Section 40–18–15, we need not decide whether or not the state constitutional provision guarantees a jury trial in this case.

 Normally, where an issue of excusable neglect arises on appeal, we would remand for the trial court to determine initially if excusable neglect sufficient to justify an extension of time to appeal exists. *See Dehn v. Ottertail Power*, 248 N.W.2d 851, 856 (N.D.1976) [civil case]. In this case where the delay was only one day, the appellant was his own counsel, was unlearned in the law, neglect was so slight, and the effect of not finding excusable neglect would be so harsh in that it would effectively deny the appellant a jury trial which is guaranteed a party by statute [§ 40–18–15, N.D.C.C.], failure to find excusable neglect would be an abuse of discretion. Accordingly, we will not remand to the municipal court or to the county court in this instance for a determination of excusable neglect, but will, in the interest of judicial economy, decide that issue here. In our view, under the circumstances, excusable neglect exists.[5]

The order of the county court dismissing Altevogt's appeal is reversed. The case is remanded for a new trial in county court before a jury.[6]

VANDE WALLE, PEDERSON, GIERKE and SAND, JJ., concur.

---

**4.** Although the convictions in this case may constitute "petty offenses," the maximum penalty ascribed thereto is not insubstantial. The maximum penalty which may be imposed upon conviction for either Section 6–70, Bismarck Code of Ordinances, or Section 6–84, is a fine of not more than five hundred dollars or imprisonment not to exceed thirty days, or both. This is the maximum penalty, with certain exceptions, which may be imposed in this state for the violation of a municipal ordinance. § 40–05–06(1), N.D.C.C.

**5.** Our determination of excusable neglect adequately disposes of the City's argument that Altevogt, *by failing to file a timely appeal*, waived his statutory right to a trial by jury.

**6.** It should be noted that in deciding this case we do so on adequate and independent state grounds. *See Three Affiliated Tribes v. Wold Engineering*, —— U.S. ——, 104 S.Ct. 2267, 80 L.Ed.2d —— (1984).