CITY OF MINOT, North Dakota,
Plaintiff and Appellee,

v.

Wayne Kenneth MATTERN,
Defendant and Appellant.

Cr. No. 880371.

Supreme Court of North Dakota.

Dec. 20, 1989.

Mark Ashley Flagstad (argued), Asst. State's Atty., Minot, for plaintiff and appellee.

Schoppert Law Firm, Minot, for defendant and appellant; argued by Thomas K. Schoppert.

GIERKE, Justice.

Wayne Kenneth Mattern has appealed from a Ward County Court order dismissing his appeal from a Minot Municipal Court order denying his motion requesting a trial on a charge of violating § 39–08–01, N.D.C.C. We affirm.

On July 2, 1987, Mattern was arrested and charged with driving a motor vehicle while under the influence of intoxicating liquor or with a blood alcohol concentration of at least ten one-hundredths of one percent by weight in violation of § 39–08–01, N.D.C.C. Bond was set at $500. Trial was set for August 27, 1987. Mattern did not appear for trial and the municipal court granted the city prosecutor's motion to forfeit the bond.

Mattern appealed to county court on September 8, 1987. The appeal was dismissed. On August 19, 1988, Mattern filed a motion requesting a trial in municipal court on the ground that no judgment of conviction had been entered. The municipal court denied the motion and Mattern appealed to the county court. The county court dismissed

the appeal. Mattern appealed to this court, contending that "[a] forfeiture under N.D.C.C. 39–06–30 is not a bar to a request for trial on the original citation" and that "[a] forfeiture cannot deny a defendant the right to a jury trial." Mattern requests that we remand with instructions to enter an order requiring the municipal court to allow a trial.

■ The City of Minot contends that this matter is not appealable under § 29–28–06, N.D.C.C., because "there was no criminal judgment of conviction entered and therefore the Court's Order denying the Motion for Trial is not an Order after Judgment affecting a substantial right of the Defendant." We disagree. The municipal court's order denying Mattern's motion requesting a trial and the county court order dismissing his appeal constitute orders "made after judgment" affecting Mattern's substantial right to a jury trial and are, thus, appealable under § 29–28–06(5), N.D.C.C.

■ As we understand his argument, Mattern contends that he is entitled to a trial because a forfeiture of bond is not a conviction and a forfeiture does not authorize a court to enter a judgment of conviction. Section 39–06–30, N.D.C.C., provides in part:

"For purposes of this title the term 'conviction' means a final order or judgment of conviction ... provided that no appeal is pending and the time for filing a notice of appeal has elapsed. Subject to the filing of an appeal, a conviction shall include those instances when:

\* \* \* \* \* \*

"3. There is a forfeiture of bail or collateral deposited to secure a defendant's appearance in court and the forfeiture has not been vacated."

Thus, for purposes of Title 39, N.D.C.C., a bond forfeiture is a "conviction."

Mattern, however, argues that, under § 39–06–30, N.D.C.C., a forfeiture is termed a "conviction" only for administrative license purposes, and although failure to appear at trial may have an impact on the driving privilege, it is not a criminal judgment of conviction for driving under the influence. Section 39–06–30 draws no such distinction. Section 39–08–01, N.D.C.C., prohibiting one from driving a motor vehicle while under the influence of intoxicating liquor or with a blood alcohol concentration of at least ten one-hundredths of one percent by weight, is contained in Title 39, N.D.C.C. Thus, under § 39–06–30, N.D.C.C., a bond forfeiture for failing to appear for trial on a charge of violating § 39–08–01, N.D.C.C., or equivalent ordinance, is a conviction as long as "the forfeiture has not been vacated." [1]

■ Mattern contends that a bond "forfeiture cannot deny a defendant the right to a jury trial." Under § 40–18–15, N.D.C.C., a defendant charged with violation of a municipal ordinance is not entitled to a jury trial in municipal court. *City of Bismarck v. Altevogt*, 353 N.W.2d 760 (N.D. 1984). Under the provisions of § 40–18–15, N.D.C.C., in effect at the time of Mattern's arrest, however, a defendant was "entitled to a trial by jury upon appeal from the determination of a municipal judge." *Altevogt, supra*, 353 N.W.2d at 764.

■ The right of appeal is determined by statute and appellate jurisdiction can be exercised only in the manner prescribed. *City of Bismarck v. Altevogt, supra*. At the time of Mattern's arrest, § 40–18–15, N.D.C.C., provided:

"An action for the violation of a city ordinance shall be tried and determined by the municipal judge, without the intervention of a jury. Nothing in this section shall deprive a defendant of the right to a trial by jury. In the event of an adverse verdict in a municipal court

---

1. Rule 46(g)(2), N.D.R.Crim.P., provides: "The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Rule 46(e)(2), F.R.Crim.P., contains a similar provision, which

"accords the district courts broad discretion as to whether or not to grant relief from a forfeiture of bail for a breach of bond conditions." 8B *Moore's Federal Practice*, ¶ 46.10[1], p. 46–127 (1989).

trial, a defendant may exercise his right of appeal as provided for in section 40–18–19 and a defendant shall have the right to a trial by jury upon appeal from the determination of a municipal judge." [2]

Thus, Mattern could "exercise his right of appeal" only "[i]n the event of an adverse verdict in a municipal court trial" and could secure a jury trial only "upon appeal from the determination of a municipal judge." Because Mattern did not appear for trial, there has been no "adverse verdict in a municipal court trial" and there has been no "determination of a municipal judge" from which to appeal in order to secure a jury trial.

Mattern's reliance on *State v. Hegg*, 410 N.W.2d 152 (N.D.1987), is misplaced. In that case we said, at page 155: "Silently proceeding with trial before a six-person jury is not an express and affirmative waiver of one's constitutional right to a jury of twelve." Mattern argues: "Likewise, it is submitted that a forfeiture cannot act as an express waiver of a trial by jury." In the instant case, however, Mattern did not show up for trial, thus preventing the occurrence of the jurisdictional predicate—a municipal court trial and a determination by the municipal judge—giving rise to his right to secure a jury trial upon appeal.

The county court order dismissing Mattern's appeal is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

**2.** Sections 40–18–15 and 40–18–15.1, N.D.C.C., now provide for trial in county court unless the defendant waives in writing his right to a jury trial.