1999 ND 193

**CITY OF BISMARCK, Plaintiff and Appellee,**

v.

**Kimberly A. FETTIG, Defendant and Appellant.**

No. 990133.

Supreme Court of North Dakota.

Oct. 20, 1999.

Paul H. Fraase, Assistant City Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Vinje Law Firm, Bismarck, ND, for defendant and appellant.

Robert P. Bennett, Assistant Attorney General, Bismarck, ND; amicus curiae. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Kimberly Ann Fettig appealed from a district court judgment finding Fettig guilty of driving under the influence. We affirm.

I

[¶ 2] Kimberly Ann Fettig was charged by the City of Bismarck with Driving Under the Influence. On October 29, 1998, she appeared in Bismarck Municipal Court and pled not guilty. Prior to her plea, Fettig was given a document notifying her of her rights and including sections for her to fill out. After pleading, Fettig filled out the entire form except for a portion captioned "Jury Trial" and signed the form. The form had three options under Jury Trial:

1. I waive my right to a jury trial.

2. I elect to consider this matter and understand that if I fail to elect a

jury trial within 28 days, the case will remain in Municipal Court for a trial before a judge.

3. I elect a jury trial in district court. Fettig went to the clerk-of-court window at the Bismarck Courthouse and asked a "lady" what the choices meant and which one she should choose. Fettig testified the lady told her to choose number two, which Fettig did.

[¶ 3] Fettig failed to request a jury trial before the 28 days expired. Although Fettig alleges she had trouble getting counsel from her court-appointed attorney as to whether to elect a jury trial, no issue associated with the right to counsel or the ineffective assistance of counsel is raised on appeal. On December 14, 1998, more than two weeks after the 28–day period had expired, Fettig filed a motion pro se to request a jury trial. The request was denied and Fettig was found guilty in a bench trial in municipal court. Fettig appealed her case to the District Court. She moved for a jury trial and requested the court find N.D.C.C. § 40–18–15.1 (Supp. 1999) unconstitutional, claiming it denied her the right to a jury trial. The court denied the motion and Fettig was found guilty.

[¶ 4] A brief background of the legislation at issue in this case is necessary. Cities without home rule charters are not authorized to provide for jury trials in municipal court. *See City of Riverside v. Smuda*, 339 N.W.2d 768, 770 (N.D. 1983). Cities are creatures of statute and possess only those powers and authorities granted by statute or necessarily implied from an express statutory grant. *Ebach v. Ralston*, 469 N.W.2d 801, 804 (N.D.1991). The rule of strict construction applies in defining municipal powers. *Id.* Since the

legislature in 1973 repealed the statute that granted cities the power to hold jury trials in municipal court, there is no existing authority granting such power.[1] *See* 1973 N.D. Sess. Laws ch. 327.

[¶ 5] A case in municipal court must be transferred to district court to obtain a jury trial. N.D.C.C. § 40–18–15.1. We previously held N.D.C.C. § 40–18–15 guarantees a criminal defendant the right to a trial by jury on appeal from a municipal court decision if the defendant has not yet waived the right to jury trial. *City of Bismarck v. Altevogt*, 353 N.W.2d 760, 764 (N.D.1984). However, this right is uncertain after the amendment of N.D.C.C. § 40–18–15.1. Prior to amendment in 1995, § 40–18–15.1 read, in part: "If within twenty-eight days after arraignment a defendant has not waived in writing the defendant's right to a jury trial in a case where it otherwise exists, the matter must be transferred to the district court for trial." 1991 N.D. Sess. Laws ch. 326 § 159. The legislature amended § 40–18–15.1, to now provide, in part: "A matter may be transferred to district court for trial only if within twenty-eight days after arraignment the defendant has requested in writing to transfer the case to district court and to exercise the defendant's right to a jury trial." 1995 N.D. Sess. Laws ch. 388. The amended statute thus requires a defendant in municipal court to request a jury trial within 28 days of arraignment or lose the right to a jury trial. *Id.*

## II

[¶ 6] Fettig argues N.D.C.C. § 40–18–15.1 is unconstitutional and her right to a jury trial under the federal and state constitutions was violated because she was deprived of a jury trial by her

---

1. A home rule charter allows a city to enact laws contrary to those of the state. N.D.C.C. § 40–05.1–05. Home rule charter cities have the power: "[t]o provide for city courts, their jurisdiction and powers over ordinance violations, duties, administration, and the selection, qualifications, and compensation of their officers; however, the right of appeal from

judgment of such courts shall not be in any way affected." N.D.C.C. § 40–05.1–06(5). The Attorney General concluded home rule charters that contain the power found in N.D.C.C. § 40–05.1–06(5) may supersede state law and provide for jury trial in municipal court. N.D.Op.Att'y.Gen. 08, p. 34 (1996).

non-action. The Federal Constitution is inapplicable here since it does not apply to "petty" offenses. *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). In determining whether an offense is "petty" or "serious," primary focus is placed on the maximum prison term authorized for the offense. *Lewis v. United States*, 518 U.S. 322, 326, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). An offense authorizing a maximum prison term of six months or less is "presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id.* Violation of a municipal ordinance, such as the one in this case, may not be punished by more than 30 days imprisonment or fines of more than $1,000. N.D.C.C. § 40–05–06(1). There is no additional penalty authorized for driving under the influence indicating the legislature considers the offense serious, not petty.[2]

■ [¶ 7] The North Dakota Constitution provides: "The right of trial by jury shall be secured to all, and remain inviolate." Art. I, § 13. The North Dakota Constitution may provide more protection to its citizens than the Federal Constitution. *Altevogt*, 353 N.W.2d at 766. We stated in *Altevogt* the North Dakota Constitution "preserves the right of trial by jury as it existed at the time of the adoption of our state constitution." *Id.* at 764. We therefore examine the right of trial by jury in municipal court as of 1889, the date our Constitution was adopted.

■ [¶ 8] When interpreting the Constitution, it is our overriding objective to give effect to the intent and purpose of the people adopting the constitutional statement. *State`v. City of Sherwood*, 489

N.W.2d 584, 587 (N.D.1992). Such intent and purpose are to be found in the language of the constitution itself. *Pelkey v. City of Fargo*, 453 N.W.2d 801, 804 (N.D. 1990). "'If the intentions of the people cannot be determined from the language itself, we may turn to other aids in construing the provision.'" *State ex rel. Heitkamp v. Hagerty*, 1998 ND 122, ¶ 17, 580 N.W.2d 139 (quoting *Johnson v. Wells Cty. Water Resource Bd.*, 410 N.W.2d 525, 528 (N.D.1987)). We look to the appropriate historical context when construing a constitutional amendment. *Id.* "A contemporaneous and longstanding legislative construction of a constitutional provision is entitled to significant weight when we interpret the provision." *Id.* (quoting *City of Sherwood*, 489 N.W.2d at 587). Our constitution "'must be construed in the light of contemporaneous history—of conditions existing at and prior to its adoption. By no other mode of construction can the intent of its framers be determined and their purpose given force and effect.'" *Id.* (quoting *Ex parte Corliss*, 16 N.D. 470, 481, 114 N.W. 962, 967 (1907)).

■ [¶ 9] The Revised Codes of the Territory of Dakota (1877) provide the first glimpse at the right to a jury trial offered in municipal court prior to statehood. Under that code, the justice of the peace had the "power to enforce obedience to all orders, rules, judgments and decrees made by him...." Political Code 1877, chapter 24, section 71. The code provided: "Cases before such justices of the peace, arising under town ordinances, shall be tried and determined by such justice of the peace without the intervention of a jury, unless the defendant demand a trial by jury...." *Id.* Under the Compiled Laws of the Territory of Dakota (1887) city jus-

---

**2.** In *Landry v. Hoepfner*, 840 F.2d 1201 (5th Cir.1988), the Fifth Circuit Court of Appeals found a defendant charged with operating a motor vehicle while intoxicated was not constitutionally entitled to a jury trial. The court rejected the contention that adverse collateral consequences of a DWI conviction in addition to incarceration—such as the suspension of driving privileges, "serious economic repercussions," and "public opprobrium"—required a jury trial. *Id.* at 1215. The court reasoned, as to the potential effects of conviction, "the Supreme Court's emphasis has been on the maximum *sentence* imposable and particularly on the maximum possible *confinement*." *Id.* (emphasis in original).

tices of the peace had exclusive jurisdiction over violations of city ordinances: "The city justice of the peace shall have exclusive jurisdiction, and it shall be his duty to hear, try and determine all offenses against the ordinances of the city; and he shall have concurrent jurisdiction with other justices of the peace in the county in all other cases civil and criminal...." C.L. 1887, Pol.C., § 925. This code again required city court defendants to demand a jury trial:

> Cases before the city justice arising under the city ordinances shall be tried and determined by the justice without the invervention of a jury except in cases where under the provisions of the ordinances of the city imprisonment for a longer period than ten days is made a part of the penalty, or the maximum fine shall be twenty dollars or over, and the defendant shall demand a trial by jury before the commencement of such trial.... C.L. 1887, Pol.C., § 937.

[¶ 10] Approximately seven months prior to the adoption of the state constitution, the territorial legislature made minor changes to the statute above, changing the words "city justice" to "police justice." S.L. 1889, chapter 33, section 5. After the North Dakota Constitution was adopted on Oct. 1, 1889, our state legislators did not alter the demand requirement. *See* Rev. Code (1895), Pol.Code § 2206, 2413. This requirement stayed in place until 1973 in one form or another.

[¶ 11] At the time of the adoption of our constitution and for at least 12 years prior to, the people of this state lived under a judicial system in which a municipal court defendant had to demand a jury trial to receive a jury trial. Against this background, the framers of our constitution guaranteed that the right to a jury trial "shall ... *remain* inviolate." N.D. Const.

of 1889, Art. I, § 7 (emphasis added). Furthermore, the fact that the demand requirement stayed in place after adoption of our constitution is telling. As we have noted before, "'many of the members of the first legislative assembly were men who had participated actively in the framing of the constitution....'" *Hagerty,* at ¶ 20 (quoting *State ex rel. Johnson v. Baker,* 74 N.D. 244, 258, 21 N.W.2d 355, 363 (1945)). The framers, after adopting the state constitution, chose not to change the demand requirement for violations of city ordinances. In fact, the demand requirement stayed in place for more than 80 years.[3] This is significant as it evidences a contemporaneous and longstanding legislative construction. We explained this rule of construction in *City of Sherwood,* 489 N.W.2d at 587 (quoting *Federal Land Bank of Saint Paul v. Gefroh,* 418 N.W.2d 602, 604 (N.D.1988)):

> Early on, this Court observed that related legislation, passed soon after the adoption of the constitution,

> "has much weight as indicative of the legislative construction of the provision in question.... While the legislative construction is not necessarily binding on the courts, yet when it has been followed by a harmonious and constant course of subsequent legislation which has been in effect and acted upon for a period of years, as in the present instance, it is entitled to great weight in determining the real intent and purpose of constitutional provisions and requirements." *State ex rel. McCue v. Blaisdell,* 18 N.D. 31, 38–39, 119 N.W. 360, 364 (1909).

[¶ 12] Under our constitution, in order to exercise the right to a jury trial in municipal court, the legislature may require a defendant who violates a city ordinance to

---

**3.** Although the legislature changed the demand requirement in 1973, there is no evidence to suggest this change was because legislators believed it was unconstitutional. 1973 N.D. Sess. Laws ch. 327. Instead the legislative minutes demonstrate the change was to alleviate the heavy caseloads and the burden of jury trials in municipal courts. *See* Hearing on H.B. 1493 Before the Senate Judiciary Comm., 43rd N.D. Legis. Sess. (Feb. 21, 1973).

demand a jury trial. Requiring a defendant to request a jury trial under N.D.C.C. § 40–18–15.1 thus does not stray the boundaries of our constitution. Fettig did not request a jury trial within the allotted time.

## III

[¶ 13] Fettig alternatively asserts she was denied her right to a jury trial guaranteed by N.D.C.C. § 40–18–15.[4] Section 40–18–15, N.D.C.C., provides:

> An action for the violation of a city ordinance for which the right to a jury trial does not otherwise exist or in which the defendant has timely and appropriately waived a right to a jury trial in writing pursuant to rules of the supreme court, may be tried and determined by the municipal judge without the intervention of a jury. In the event of an adverse verdict in a municipal court trial, a defendant may appeal as provided in section 40–18–19, but a waiver of jury trial in the municipal court proceeding also constitutes a waiver of jury trial in the district court.

As we noted in Part I of this opinion, there is a conflict between § 40–18–15 and § 40–18–15.1. Both provide for jury trial, but § 40–18–15.1 is more restrictive. Section 40–18–15 gives a defendant the right to a jury trial on appeal from municipal court if the defendant has not waived the right. *See Altevogt*, 353 N.W.2d at 764. Under § 40–18–15.1, a defendant may lose the right to a jury trial without affirmatively waiving the right. Otherwise, the defendant must timely request transfer to district court in order to receive a jury trial. Once the 28 days has elapsed without the

defendant requesting transfer, the right to a jury trial is lost. The conflict arises when a defendant in municipal court does not waive the right to a jury trial and does not request transfer to district court for a jury trial. This case presents such a scenario.

[¶ 14] We have said that when two statutes relating to the same subject matter appear to be in conflict, they should whenever possible be construed to give effect to both if such can be done without doing violence to either. *City of Fargo, Cass Cty. v. State*, 260 N.W.2d 333, 338 (N.D.1977). The conflict between these two statutes is irreconcilable when a defendant in municipal court does not waive the right to jury trial and does not timely request transfer to district court for a jury trial.

[¶ 15] "When there is a conflict between statutes, we construe specific statutes to control general statutes." *Haff v. Hettich*, 1999 ND 94, ¶ 34, 593 N.W.2d 383. *See* N.D.C.C. § 1–02–07. The more specific provision here is § 40–18–15.1, which requires defendants in municipal court to request in writing a transfer to district court within 28 days of arraignment to receive a jury trial in district court. This specific provision controls the more general § 40–18–15, which provides for a bench trial in municipal court and allows defendants to appeal this decision for a bench or jury trial in district court.

[¶ 16] Section 40–18–15.1 more specifically confronts the issue of jury trial in district court than does § 40–18–15. Section 40–18–15.1 specifically refers to jury trials and describes the procedure to ob-

---

**4.** Fettig also asserted her rights under N.D.C.C. § 29–16–02 were violated. Section 29–16–02, N.D.C.C., provides: "In any case, whether a misdemeanor or felony, a trial jury (sic) may be waived by the consent of the defendant and the state's attorney expressed in open court and entered on the minutes of the court. Otherwise, the issues of fact must be tried by the jury." It is questionable whether § 29–16–02 applies to municipal courts since during most of its existence our

law has required a municipal court defendant to demand a jury trial in order to get one. In any event, the potential conflict between § 40–18–15.1 and § 29–16–02 is essentially the same conflict between § 40–18–15.1 and § 40–18–15. Our reasoning that the particular controls the general and the later enactment controls the earlier applies to § 29–16–02, equally as well as it applies to § 40–18–15.

tain a jury trial if one is in municipal court. It also provides for a case to be transferred to district court "only" if within 28 days of arraignment the defendant requests for transfer in writing. In contrast, § 40–18–15 allows for a case to be appealed to district court from municipal court, but it does not state this is the "only" way for a defendant to get to a jury trial in district court. Section 40–18–15 does not specifically refer to jury trials in district court, but broadly provides for retrial, whether it is before a judge or jury.

[¶ 17] An Attorney General's opinion dealt with this statutory conflict. Although Attorney General's opinions are not binding on this Court, they are entitled to respect, and this Court will follow them if they are persuasive. *United Hosp. v. D'Annunzio,* 514 N.W.2d 681, 685 (N.D. 1994). The Attorney General's opinion determined if a jury trial is not available in municipal court, then § 40–18–15.1 prevails since it is a later enactment and it implicitly amends § 40–18–15. N.D.Op. Att'y.Gen. 08, p. 37 (1996). The Attorney General determined the two sections could not be harmonized or construed together. N.D.Op.Att'y.Gen. 08, p. 36 (1996). The opinion, citing section 1–02–07, N.D.C.C., said " '[i]f an irreconcilable conflict exists, the latest enactment will control or will be regarded as an exception to or as a qualification of the prior statute.' " N.D.Op. Att'y.Gen. 08, p. 36 (1996) (quoting *City of Fargo,* 260 N.W.2d at 338). The Attorney General found the latter statute [section 40–18–15.1] controls since it cannot be seen as an exception or qualification of the prior statute [section 40–18–15]. N.D.Op. Att'y.Gen. 08, p. 36–37 (1996).

[¶ 18] The Attorney General's reasoning is persuasive. If an irreconcilable conflict exists, the latest enactment will control or will be regarded as an exception to or as a qualification of the other. N.D.C.C. § 1–02–07; *see Bartels v. City of Williston,* 276 N.W.2d 113, 121 (N.D.1979). Since the statutes squarely contradict each other and § 40–18–15.1 is the later enactment, it prevails over § 40–18–15.

[¶ 19] We conclude § 40–18–15.1 implicitly supersedes § 40–18–15 to the extent the latter guarantees defendants the right to jury trial on appeal from municipal court. Cities with home rule ordinances may provide for a jury trial in municipal court. Otherwise, a municipal court defendant must request transfer to district court within 28 days of arraignment to get a jury trial. N.D.C.C. § 40–18–15.1.

[¶ 20] We affirm the conviction of Fettig.

[¶ 21] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.

