2008 ND 172
**CITY OF FARGO, Plaintiff
and Appellee**

v.

**Mitch MALME and Mitch Malme Investments, L.L.C., a North Dakota limited liability company, Defendants and Appellants.**

**No. 20080069.**

Supreme Court of North Dakota.

Sept. 23, 2008.

Rehearing Denied Oct. 24, 2008.

Scott Orel Diamond, Assistant City Attorney, City Prosecutor's Office, Fargo, N.D., for plaintiff and appellee.

Jonathan T. Garaas, Garaas Law Firm, Fargo, N.D., for defendants and appellants.

CROTHERS, Justice.

[¶ 1] Mitch Malme and Mitch Malme Investments, L.L.C. (collectively "Malme"), appeal from an order and judg-

ment awarding them $365 in costs and disbursements from the City of Fargo after Malme prevailed in this Court in a challenge to a fine imposed by the Fargo Administrative Enforcement Board. We conclude the district court did not err in denying Malme's request for an award of attorney fees, but erred in failing to award Malme all of the costs and disbursements to which he was entitled. We modify the order and judgment, and as modified, we affirm.

## I

[¶ 2] In 2005 Fargo created an administrative enforcement program to handle certain municipal ordinance violations, and its administrative enforcement board fined Malme for violating ordinances relating to the use of property. Malme appealed to district court under N.D.C.C. § 28–34–01, and the district court affirmed the board's decision. Malme appealed to this Court. In *City of Fargo v. Malme*, 2007 ND 137, ¶ 1, 737 N.W.2d 390, we reversed the district court's decision, concluding "the administrative enforcement board is not a tribunal authorized by state law." We reasoned, "The home rule charter and statutory provisions relied upon by Fargo cannot reasonably be construed to provide a home rule city the power to create a layperson administrative adjudicatory board with the responsibility of trying alleged violations of municipal ordinances." *Id.* at ¶ 14. Because the responsibilities granted to the board conflicted with N.D.C.C. § 40–18–01(1), which requires municipal judges in larger cities to be licensed attorneys, we held the board "lacked the authority to adjudicate Malme's alleged violations of Fargo's municipal ordinances." *Malme*, at ¶ 15. This Court's judgment and mandate ordered that Malme "have and recover from the City of Fargo costs and disbursements on this appeal under Rule 39,

N.D.R.App.P., to be taxed and allowed in the court below."

[¶ 3] In the district court Malme argued for the first time in these proceedings he was entitled to an award of attorney fees "for the violation of [his] constitutional rights" in addition to an award of costs and disbursements. Malme relied upon 42 U.S.C. §§ 1983 and 1988 and submitted an affidavit and billing statement stating "legal fees and reimbursement for costs incurred should be established" by the court "as $14,384.89." The district court denied the request for attorney fees and awarded Malme $365 in costs and disbursements, which represented $125 for the Supreme Court filing fee and $240 for the cost of a transcript.

## II

[¶ 4] On appeal, Malme argues the district court erred in denying his request for attorney fees.

[¶ 5] "Generally, this Court applies 'the "American Rule," [which] requires parties to bear their own attorney's fees.'" *Guardianship/Conservatorship of D.M.O*, 2008 ND 100, ¶ 14, 749 N.W.2d 517 (quoting *Matter of Estate of Murphy*, 554 N.W.2d 432, 440–41 (N.D.1996)). "Absent statutory or contractual authority, each party to a lawsuit bears its own attorney fees under North Dakota law." *Baukol Builders, Inc. v. County of Grand Forks*, 2008 ND 116, ¶ 35, 751 N.W.2d 191. Malme does not claim any contractual authority for an award of attorney fees.

[¶ 6] Malme's reliance on 42 U.S.C. §§ 1983 and 1988 to support an award of attorney fees is misplaced. Under 42 U.S.C. § 1988(b) (2001), a court, in its discretion, may award reasonable attorney fees as part of the costs "[i]n any action or proceeding to enforce a provision

of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title." "Section 1988 as written plainly limits fee awards to a party who prevails in an action to enforce one of the federal civil rights laws. It does not provide for the award of fees in any other action." *Brown v. Hornbeck*, 54 Md.App. 404, 458 A.2d 900, 902 (1983) (footnote omitted). This case was not a proceeding for vindication of civil rights under any of the federal statutes listed, and no court has declared Malme's civil rights were violated. Rather, the case was an appeal from an administrative decision of a local governing body under N.D.C.C. § 28–34–01. Malme cites no authority supporting the proposition he can turn an administrative appeal into a federal civil rights action after the judgment and mandate have been issued by this Court.

[¶ 7] Malme also claims N.D.C.C. § 28–26–01 allows an award of reasonable attorney fees to the prevailing party if a claim for relief is frivolous. Malme argues, "Fargo's claim was frivolous when it created the unauthorized kangaroo court, and subjected [him] to its process."

[¶ 8] An award of attorney fees under N.D.C.C. § 28–26–01 "lies within the sound discretion of the district court." *Strand v. Cass County*, 2006 ND 190, ¶ 17, 721 N.W.2d 374. "A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Forster v. West Dakota Veterinary Clinic, Inc.*, 2004 ND 207, ¶ 17, 689 N.W.2d 366. The district court determined Fargo's claims against Malme were not frivolous. We agree that under N.D.C.C. § 28–26–01, there was no "complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor." The district court did not abuse its discretion.

[¶ 9] We have considered Malme's other arguments to support an award of attorney fees, and we deem them to be without merit. We conclude the district court did not err in refusing to award Malme attorney fees.

### III

[¶ 10] Malme argues he was not awarded all of the costs and disbursements to which he was entitled. Under N.D.R.App.P. 39(e)(2), Malme was entitled to costs for "the transcript, if necessary to determine the appeal." Fargo concedes that $437.10 claimed by Malme for another transcript should have been, but was not, awarded by the district court. Malme further points out in his appellate brief and billing statement submitted to the district court that the $240 awarded for the other transcript should be reduced by $68 for "overpayment of transcript retainer."

[¶ 11] Rule 54(e)(1), N.D.R.Civ. P., provides, "Costs and disbursements must be allowed as provided by statute." Under N.D.C.C. § 28–26–06(1), "the clerk of district court shall tax as part of the judgment in favor of the prevailing party ... [t]he legal fees of ... sheriffs [and] clerks of district court." After his successful appeal to this Court in the main action, Malme became the prevailing party in the district court for purposes of taxing costs and disbursements. *See Fowler v. Delzer*, 177 N.W.2d 756, 764 (N.D.1970); *see also Nesvig v. Nesvig*, 2006 ND 66, ¶ 38, 712 N.W.2d 299; *Lapp v. Reeder Pub. Sch. Dist. No. 3*, 491 N.W.2d 65, 71 (N.D.1992); *Tostenson v. Ihland*, 147 N.W.2d 104, 118 (N.D.1966). In the district court, Malme claimed $80 for the costs of the filing fee with the clerk of district court and $26 for the sheriff's fee. He is entitled to those amounts. The remaining additional amounts Malme claims he was entitled to be awarded were not presented to the district court. Costs and disbursements

must be specifically requested in the district court. *See State v. Larsen,* 515 N.W.2d 178, 182 (N.D.1994); *Dossenko v. Dossenko,* 294 N.W.2d 909, 911 (N.D.1980); N.D.R.Civ.P. 54(e)(1) ("A party awarded costs and disbursements shall submit to the clerk a detailed, verified statement thereof.").

[¶ 12] We therefore modify the order and judgment to increase the award of costs and disbursements by $475.10, for a total award of $840.10.

### IV

[¶ 13] The order and judgment, as modified, are affirmed. The parties shall each bear their own costs on this appeal. *See* N.D.R.App.P. 39(a)(4).

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.