Filed 3/25/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 67

John Klug and Bob Barnard, individually,

and John Klug and Bob Barnard, on behalf of the

and as members of the Local Membership of the 

International Police Association (IUPA), Police

Members and Pensioners, Plaintiffs and Appellants

v.

City of Minot, Defendant and Appellee

No. 20100217

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Monte Lane Rogneby, P.O. Box 2097, Bismarck, N.D. 58502-2097, for plaintiffs and appellants.

Scott Kenneth Porsborg, P.O. Box 460, Bismarck, N.D. 58502-0460, for defendant and appellee.

Klug v. City of Minot

No. 20100217

VandeWalle, Chief Justice.

[¶1] John Klug and Bob Barnard appeal from a summary judgment dismissing their action alleging the City of Minot (“City”) unlawfully merged the police and city employee pension plans.  Klug and Barnard claim the City did not have the authority to combine the two statutorily created pension plans, the City’s powers under its home rule charter do not supersede the protections for police pension plans under N.D.C.C. ch. 40-45, and the City discontinued the police pension plan without following statutory procedures.  We affirm.

I

[¶2] Since approximately 1942, the City of Minot has maintained separate police and city employee pension plans and funds.  City ordinances set out the terms of each pension plan.  In 1972, the City adopted a home rule charter and began operating as a “home rule” city.

[¶3] In 2004, the Minot City Council decided to contribute at equal rates to the police and city employee pension funds.  In July 2007, the City Employee Pension and Police Pension Board began discussing merging the two plans and their funds.  In August 2007, the City Council defeated a motion to merge the two plans.  In July 2008, the issue was raised again and the City Council approved an ordinance which  repealed the ordinances for the separate plans and re-enacted and merged the two plans in a new ordinance, entitled Employees’ Pension Plan.  Under the new combined pension plan the benefits, pension amounts, rules for vesting and payment remain the same for members of the police pension as they were under the separate plan.  Before the plans were merged, the police pension fund had a net surplus and the city employee pension fund had a net liability.

[¶4] Klug and Barnard are police officers and contribute to the pension fund.  In December 2008, Klug and Barnard brought an action against the City alleging the City violated state statutes by merging the two pension plans.  Both parties filed motions for summary judgment and did not dispute the material facts.  After argument on the motions, the district court granted the City’s motion, dismissed Klug and Barnard’s claims with prejudice, and awarded the City costs.  The court ruled as a matter of law the City acted within its authority under the home rule charter to merge the two pension plans, the merger did not result in a discontinuation of the police pension plan or adversely impact the rules for vesting or payment under the plan, and the City’s actions did not harm or diminish the benefits the police members or pensioners are entitled to.

II

[¶5] The standard of review for summary judgment is well established:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.  On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

Lucas v. Riverside Park Condo. Unit Owners Ass’n
, 2009 ND 217, ¶ 16, 776 N.W.2d 801 (quoting 
Barbie v. Minko Constr., Inc.
, 2009 ND 99, ¶ 5, 766 N.W.2d 458).

III

[¶6] Klug and Barnard argue the City’s powers under its home rule charter do not supersede the statutory procedural protections for police pensions under N.D.C.C. ch. 40-45.  They contend N.D.C.C. § 40-45-26 requires sixty percent of police employees and pensioners to petition to discontinue a plan and the city must enact an ordinance by two-thirds vote before the plan can be discontinued.  They claim the City discontinued the police pension fund without following the required procedures.

[¶7] “‘Cities are creatures of statute and possess only those powers and authorities granted by statute or necessarily implied from an express statutory grant.’”  
City of Fargo v. Malme
, 2007 ND 137, ¶ 9, 737 N.W.2d 390 (quoting 
City of Bismarck v. Fettig
, 1999 ND 193, ¶ 4, 601 N.W.2d 247).  Under N.D. Const. art. VII, § 6, the legislature has authority to provide for the establishment and exercise of home rule in cities, and the legislature has provided for home rule cities by enacting N.D.C.C. ch. 40-05.1.  
Malme
, at ¶ 9.  The City has enacted a home rule charter and operates as a home rule city.

[¶8] Section 40-05.1-05, N.D.C.C., authorizes home rule cities to enact ordinances that conflict with and supersede state laws.  
City of Minot v. Rudolph
, 2008 ND 231, ¶ 5, 758 N.W.2d 731.  “A validly enacted home rule ‘charter and the ordinances made pursuant to the charter in such matters supersede within the territorial limits and other jurisdiction of the city any law of the state in conflict with the charter and ordinances and must be liberally construed for such purposes.’”  
Sauby v. City of Fargo
, 2008 ND 60, ¶ 5, 747 N.W.2d 65 (quoting N.D.C.C. § 40-05.1-05).  “[T]he supersession provision in N.D.C.C. § 40-05.1-05 applies only to those powers enumerated in N.D.C.C. § 40-05.1-06, and those powers must also be included in the charter and be implemented by ordinance.”  
Sauby
, at ¶ 6.  A home rule city’s power to enact ordinances that supersede state law is limited because a home rule city’s powers are based on statutory provisions.  
Malme
, 2007 ND 137, ¶ 10, 737 N.W.2d 390.  “[T]he legislature intended the cities to exercise broad plenary powers in those items specified under § 40-05.1-06, except where specifically provided that these powers may be exercised only by conforming or complying with state law.”  
Litten v. City of Fargo
, 294 N.W.2d 628, 632 (N.D. 1980).

[¶9] Section 40-05.1-06(2) and (4), N.D.C.C., provide home rule cities with the power to control finances and fiscal affairs and to “provide for city officers, agencies, and employees, their selection, terms, powers, duties, qualifications, and compensation.”  Article 3 of the City of Minot’s Home Rule Charter states the City has the power to control its finances and fiscal affairs and “to provide for city officers, agencies, and employees, their selection, terms, powers, qualifications, and compensation.”  The City’s ordinances regarding employee pension plans implement its power to control its finances and to provide for employee compensation.  
See
 Minot, N.D., Code ch. 24, art. VII (Employees’ Pension Plan).  A pension plan is an added salary and compensation for services performed; it is not a gratuity.  
Quam v. City of Fargo
, 77 N.D. 333, 341, 43 N.W.2d 292, 296-97 (1950).  Section 40-05.1-06, N.D.C.C., authorizes home rule cities to provide compensation for city employees, and the City included this power in its charter and implemented it through the employee pension plan ordinance.  The City’s home rule powers to provide compensation, including pension plans, supersede conflicting state laws unless the legislature specifically requires compliance with the state law.  
Cf.
 
Sauby
, 2008 ND 60, ¶ 10, 747 N.W.2d 65 (home rule city has power to define offenses and provide penalties, however N.D.C.C. § 12.1-01-05 expressly prohibits a city from superseding offenses defined by state law).

[¶10] Klug and Barnard contend the City’s home rule charter and pension ordinances do not supersede the statutory regulations for police pension plans under N.D.C.C. ch. 40-45 and the City was required to comply with statutory requirements for discontinuing the police pension fund.  Section 40-45-26, N.D.C.C., specifies procedures to discontinue a police pension fund:

The governing body of a city having a police pension plan may discontinue such plan upon receipt of a petition requesting such discontinuance signed by sixty percent of the police employees and pensioners of the city as of the date of the filing of such petition and upon the subsequent adoption by the governing body of a resolution by two-thirds vote of the members present stating that the plan is not desirable or workable.

Section 40-45-27, N.D.C.C., provides procedures upon discontinuance of a pension plan:

If the governing body of the city shall determine by a two-thirds vote as provided in section 40-45-26 that the police pension plan shall be discontinued, the plan shall be discontinued in such city and the governing body shall proceed to liquidate the pension fund created under such plan.  Liquidation shall be accomplished by returning to each employee still in the employ of the city ten days after the date of the adoption of the resolution provided for in section 40-45-26 the entire amount which has been deducted from the employee’s salary as an assessment or membership fee and then by payment of pension claims theretofore allowed in the same amounts as are then in effect until the death or disqualification of the pension claimant, and thereafter continuing such payments as would have accrued to survivors of such pension claimants under the local pension provisions if the plan had been continued.  If the fund is insufficient to return the amount to which each employee is entitled as provided herein and to pay such pension claims in full, the governing body shall make an annual tax levy, which shall be in addition to any other tax levies authorized by law, in an amount sufficient to assure the payment in full of the pension claims theretofore allowed.  If the fund exceeds the amount required to satisfy such returns and such claims, such excess shall be placed in the general fund of the city.

[¶11] Although, as we discuss later, this is not a discontinuance, the language of these statutes does not indicate that the legislature intended to limit a city or county’s authority to provide for this type of compensation or that a city or county ordinance could not supersede these provisions.  Klug and Barnard do not argue there is other language in N.D.C.C. ch. 40-45 that specifically requires all cities, including home rule cities, to comply with the statutory provisions for police pensions.  Chapter 40-

45, N.D.C.C., does not require cities to provide pension plans for police officers; rather, it provides a way for all cities to adopt pension plans and contains the type of provisions a city can use as a guide in implementing a pension plan as compensation.  
Cf.
 
Litten
, 294 N.W.2d at 634 (statute served as an indication of what would be expected to be set forth in a city’s charter and implemented by ordinance if the powers were given to the cities); 
see also
 N.D.C.C. § 40-05-01(69) (cities have the power to adopt an employee pension system and may provide for continuance of the system and discontinuance procedures).

[¶12] Klug and Barnard also contend the City exceeded its authority under N.D.C.C. § 40-05-01(69), which provides:

The governing body of a municipality shall have the power:

. . . .

Employee pension system.  To adopt, by ordinance, a city employee pension system that may provide all rules and regulations governing its operation and discontinuance, provided other pension systems allowed by statute are not in effect, excepting firefighters relief associations and federal social security, or in order to consolidate existing pension plans.  In addition to all other rules and regulations deemed necessary and proper by the governing body, it may provide as to matters pertaining to membership, tax levies in an amount not exceeding the total levies authorized by chapters 40-45 and 40-46, membership fees and assessments, management, investments, acceptance of money and property, retirement conditions and payment amount, continuance of system and discontinuance procedures, discontinuance payments, entrance into contracts with an insurance firm or firms for coverage of the employee pension system.

Klug and Barnard argue this provision specifically limits the City’s power to merge two pension plans because it says a city can adopt a pension system if other pension systems allowed by statute are not in effect.  However, this provision applies to all municipalities in general, and N.D.C.C. § 40-05.1-06 grants specific powers to home rule cities that allow home rule cities to supersede state law.  This Court has said when a home rule city does not avail itself of the powers enumerated in N.D.C.C. § 40-05.1-06 by including the power in its charter and implementing the power by ordinance, then the city is governed by statutes that apply to all cities in general.  
Litten
, 294 N.W.2d at 632.  In this case, the City’s power to provide compensation for its employees is not governed by N.D.C.C. § 40-05-01(69) because the City is a home rule city and has availed itself of the power to regulate employee compensation and supersede state law under N.D.C.C. § 40-05.1-06 by implementing its home rule charter compensation provision by ordinance.  Moreover, N.D.C.C. § 40-05-01(69) provides that a municipality has the power to consolidate existing pension plans, which the City did when it repealed the prior ordinances providing separate pension plans and enacted a new ordinance for a combined employee pension plan.

[¶13] This case is different from those cases in which this Court held a home rule city’s charter and ordinances did not supersede state law.  In 
Sauby
, 2008 ND 60, ¶ 10, 747 N.W.2d 65, we held a home rule city’s traffic ordinances and penalties for violating those ordinances are precluded from superseding state statutory penalties for equivalent offenses because N.D.C.C. § 12.1-01-05 specifically provides “[c]rimes defined by state law shall not be superseded by city or county ordinance or by home rule city’s or county’s charter or ordinance.”  The statutory provisions relating to city employee pensions do not contain similar language.  In 
Litten
, 294 N.W.2d at 633-34, this Court held N.D.C.C. § 40-05.1-06 does not authorize a home rule city to change its form of government to any form it desires, and even if it did, the city did not enact an ordinance implementing these powers.  Here, N.D.C.C. § 40-05.1-06 authorizes home rule cities to provide compensation for their employees, pension plans are compensation, and the City’s home rule charter and implementing ordinance meet the requirements.  We conclude the City had the authority to combine the police and city employee pension plans under its home rule charter, and the City’s ordinances relating to the pension plan supersede conflicting state law.

[¶14] Furthermore, the police pension plan was not discontinued.  The police pension funds were not liquidated.  The two pension plans were combined and the members’ rights and benefits remained the same as they were under the separate plans.  Klug and Barnard argue the merger affected their rights because the police pension fund had a net surplus and the city employee pension fund had a net liability.  However, a member of a defined benefit plan does not have a claim to particular assets that are part of the general asset pool and is not entitled to a share of the surplus assets; rather, a member only has a right to a certain level of defined or accrued benefits.  
Hughes Aircraft Co. v. Jacobson
, 525 U.S. 432, 440 (1999).  A defined benefit plan consists of a general pool of assets and a plan member is entitled to a fixed periodic payment upon retirement.  
Id.
 at 439.  An employer generally bears the investment risk and must cover any underfunding or may reduce or suspend funding if the plan is overfunded.  
Id.
 at 439-40.  The pensions in this case are defined benefit plans and its members are only entitled to the promised defined benefits.  Klug and Barnard were not entitled to any of the surplus assets and the City was not required to continue funding the plan at the same rate to preserve the surplus.  The parties agree the merger did not affect Klug and Barnard’s vested rights and they will receive the benefits they were promised.  The police pension was not discontinued and Klug and Barnard’s rights were not affected by the merger.

IV

[¶15] We conclude the City had authority to merge the police and city employee pension plans and funds, and the district court properly granted summary judgment and dismissed Klug and Barnard’s complaint.  We affirm.

[¶16] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

David E. Reich, D.J.

[¶17] The Honorable David E. Reich, D.J., sitting in place of Kapsner, J., disqualified.